# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NELSON MCFALLS, CDCR #G-45794, <br><br> Plaintiff, <br><br> vs. <br><br> MARIO ALONZO, Lieutenant, <br><br> Defendant. | Case No. 21cv849-MMA-RBB <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br> [Doc. No. 4] <br><br> **DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

Robert Nelson McFalls ("McFalls" or "Plaintiff"), currently incarcerated at Centinela State Prison in Imperial, California, and proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1. Plaintiff has also filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and a copy of his prison trust account statement. *See* Doc. Nos. 2 & 4. McFalls alleges his Eighth Amendment rights were violated when Defendant searched his cell and went through McFalls' phone book. McFalls claims that when doing so, Defendant took McFalls' wife's personal financial account information and ultimately used that information to remove $700 from McFalls' wife's account. Doc. No. 1 at 3.

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. 82, 84–85.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, McFalls has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at Centinela. *See* Doc. No. 2 at 1–3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show McFalls maintained an average monthly balance of $293.13 and had $123.30 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. His available balance as of May 4, 2021, was $126.10. *See* Doc. No. 2 at 1. Therefore, the Court **GRANTS** Plaintiff's IFP Motion (Doc. No. 4) and assesses an initial partial filing fee of $58.62, pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Legal Standard

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. In deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). But, if the plaintiff has supplemented the complaint by attaching documents, the court may consider these documents as part of the complaint when determining whether the plaintiff can prove the allegations asserted in the complaint. *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, while a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of

official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B. <u>Plaintiff's Allegations</u>

McFalls contends his Eighth Amendment rights were violated when Defendant, Mario Alonzo, searched his cell on March 7, 2020. Doc. No. 1 at 3. McFalls alleges Defendant improperly removed information from McFalls' phone book, including information related to McFalls' wife's financial accounts. *Id.* McFalls contends Defendant used the account information he took from McFalls' phone book and "removed monies in the amount of $700.00 and sent or transferred it into [Defendant's] own account." *Id.* at 4. Plaintiff claims Defendant violated the Eighth Amendment and "violated employee conduct . . .[and] the rights and respect of others and he broke the law." *Id.* McFalls seeks $100,000 in compensatory and punitive damages, and an injunction preventing Defendant from searching his cell without recording the search. *Id.* at 7.

C. <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, McFalls must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

D. <u>Discussion</u>

McFalls claims his Eighth Amendment rights were violated when Defendant improperly searched his cell and took banking information belonging to McFalls' wife. McFalls alleges Defendant ultimately used that information to transfer funds from McFalls' wife's account to Defendant. Doc. No. 1 at 3–4.

The Eighth Amendment prohibits cruel and unusual punishment of a person

5

21cv849-MMA-RBB

convicted of a crime. U.S. Const. amend. VIII. "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citing *Whitley*, 475 U.S. at 320). To state such a claim a plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).

Here, McFalls has not alleged sufficient facts to show he suffered an "unnecessary and wanton infliction of pain" as a result of Defendant's alleged conduct. McFalls claims Defendant used information he gathered from McFalls' phone book to essentially steal funds from McFalls' wife's bank account. Doc. No. 1 at 3–4. While the Court does not minimize Plaintiff's allegation, taking information from a personal phone book, however sensitive, does not amount to a denial of "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298 (holding that to raise an Eight Amendment claim, a plaintiff must make an objective showing that the deprivation was "sufficiently serious" and resulted in the denial of the "minimal civilized measure of life's necessities"). Nor has McFalls adequately alleged Defendant subjectively possessed a "sufficiently culpable statement of mind" by showing he was "deliberately indifferent" to McFalls' health or safety in allowing the deprivation to take place. *Farmer*, 511 U.S. at 834; *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). Therefore, Plaintiff has not stated an Eighth Amendment claim.

In addition, the Court notes that while McFalls does not cite either the Fourth or the Fourteenth Amendments as alternative constitutional bases for his alleged deprivation, even if he did, his Complaint would still fail to state a claim upon which § 1983 relief can be granted. Prisoners do not have a Fourth Amendment right to be free
6

21cv849-MMA-RBB

from the search or seizure of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) ("[T]he [F]ourth [A]mendment does not protect an inmate from the seizure and destruction of his property."). Instead, a prisoner's redress for the seizure of his personal property, if any, is through the Fourteenth Amendment. *See Hudson*, 468 U.S. at 540; *see also Sanchez v. Cty. of Kern*, No. 1:16-cv-00153-LJO-MJS PC, 2016 WL 1461515, at *3 (E.D. Cal. Apr. 14, 2016).

Moreover, had McFalls alleged a Fourteenth Amendment violation with respect to his wife's account, he would not be entitled to relief because he lacks standing to assert such a claim on behalf of his wife. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Id*. Although McFalls may assert his own legal rights and interests, he "cannot rest his claim to relief on the legal rights or interests of third parties." *See id*. at 499; *Darring v. Kincheloe*, 783 F.2d 874, 877–78 (9th Cir. 1986) (concluding state prisoner lacked third-party standing to assert the rights of other inmates).

And even if McFalls could establish standing, he fails to state a Fourteenth Amendment claim based on a deprivation of property. Where a prisoner alleges that he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson*, 468 U.S. at 533 (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations."). Thus, to

7

21cv849-MMA-RBB

the extent Plaintiff challenges Defendant took his property in contravention of a statute or regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy, and as such, a due process claim challenging its loss would not be cognizable in a § 1983 action.

In sum, the Court finds that Plaintiff fails to state any § 1983 claim upon which relief can be granted, and that his Complaint must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because McFalls is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of Court to serve a copy of this Order by mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-

8

0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4. **DISMISSES** this civil action sua sponte based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff **sixty (60) days** leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted above. The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: June 23, 2021

HON. MICHAEL M. ANELLO
United States District Judge