1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 ROBERT NELSON MCFALLS, CDCR #G-45794, | Case No. 21-cv-849-MMA (RBB) |
| 12 Plaintiff, | **ORDER DISMISSING DUE PROCESS CLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b); AND** |
| 13 v. | |
| 14 MARIO ALONZO, | |
| 15 Defendant. | [Doc. No. 8] |
| 16 | |
| 17 | **DIRECTING U.S. MARSHAL TO EFFECT SERVICE ON DEFENDANT** |
| 18 | |
| 19 | |

20     On April 30, 2021, Plaintiff Robert Nelson McFalls ("Plaintiff") filed a civil rights

21 Complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  On June 23, 2021,

22 the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), sua sponte

23 screened Plaintiff's Complaint, and dismissed Plaintiff's Complaint for failure to state a

24 claim.  *See* Doc. No. 5.  Plaintiff was granted sixty (60) days leave to file an amended

25 complaint to correct the deficiencies of the pleading identified by the Court.  *See id.*

26 After receiving an extension of time, Plaintiff filed his First Amended Complaint

27 ("FAC") on September 24, 2021.  *See* Doc. Nos. 7, 8.

28

## I. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

**A.    Legal Standard**

Plaintiff's FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.      Plaintiff's Allegations**

In his FAC, Plaintiff alleges that on March 7, 2020, Defendant searched his cell and found Plaintiff's phone containing his bank account information.  *See* Doc. No. 8 at 3.[1]  Plaintiff contends Defendant copied his account information and later used that information to transfer $700.00 from Plaintiff's bank account to himself.  *See id.* at 3, 16–17.  On March 24, 2020, Plaintiff discovered the suspicious withdrawal and filed an administrative grievance against Defendant, alleging Defendant had unlawfully stolen his money using account information that Defendant improperly copied when searching Plaintiff's phone book.  *See* Doc. No. 8 at 3, 19.

Plaintiff alleges that on March 29, 2020, four days after filing his grievance, Defendant "had Plaintiff sent to Ad-Seg [administrative segregation] on a false claim of battery on a peace officer."  Doc. No. 8 at 3.  Later that day, while Plaintiff was "in the cages in the program office," Defendant directed officials to "make sure you find a way to keep this asshole's property."  *Id.*  Plaintiff states he filed another administrative grievance on April 6, 2020, complaining of Defendant's "continued harassment and targeting and retaliation."  *Id.*  Plaintiff filed another grievance on April 23, 2020, seeking the return of his property.  *See id.*  On June 5, 2020, Defendant "came to [Plaintiff's] cell while [he] was in Ad-Seg on a charge [Defendant] had his staff trump up and proceeded to antagonize and harass [Plaintiff]."  *Id.* at 3.  Plaintiff alleges Defendant "taunted" him through his cell window by "panting, laughing while repeatedly saying 'Got him, Got him. Got him.'"  *Id.*  Plaintiff states that Defendant "continued to retaliate against him" in the weeks that followed.  *See id.*

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1    **C.     42 U.S.C. § 1983**

2           "Section 1983 creates a private right of action against individuals who, acting

3    under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

4    *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of

5    substantive rights, but merely provides a method for vindicating federal rights elsewhere

6    conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks

7    and citations omitted).  "To establish § 1983 liability, a plaintiff must show both

8    (1) deprivation of a right secured by the Constitution and laws of the United States, and

9    (2) that the deprivation was committed by a person acting under color of state law." *Tsao*

10   *v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

11   **D.     Discussion**

12          Plaintiff raises two claims in his FAC.  First, Plaintiff contends his due process

13   rights were violated when Defendant took Plaintiff's account information and used it to

14   later transfer money to Defendant.  *See* Doc. No. 8 at 4.  Second, Plaintiff argues that

15   Defendant violated his First Amendment rights when Defendant retaliated against him for

16   filing grievances related to the allegedly stolen money.  *See id.* at 3.

17          *1.     Due Process Claim*

18          The Due Process Clause of the Fourteenth Amendment protects prisoners' interests

19   in their personal property.  *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

20   However, the Due Process Clause does not protect against all deprivations of property by

21   the state; it only protects against deprivations "without due process of law."  U.S. Const.

22   amend. XIV; *see also Baker v. McCollan*, 443 U.S. 137, 145 (1979).  A deprivation of

23   property without a meaningful pre-deprivation hearing may be actionable under the

24   Fourteenth Amendment's Due Process Clause where it is authorized and intentional.  *See*

25   *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush*

26   *Co.*, 455 U.S. 422, 435–36, (1982)).  An "authorized" deprivation of property is one

27   carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v.*

28   *McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).  In other words, a plaintiff is entitled to

1   pre-deprivation process when the state is "in a position to provide" due process—"where

2   a deprivation of property is caused by conduct pursuant to established state procedure,

3   rather than random and unauthorized action."  *Hudson*, 468 U.S. at 532, 534.

4          Where a prisoner alleges he was deprived of a property interest caused by the

5   unauthorized acts of state officials, either negligent or intentional, the prisoner cannot

6   state a constitutional claim where the state provides an adequate post-deprivation remedy.

7   *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson*, 468 U.S. at 533 (holding

8   that the unauthorized negligent or intentional deprivation of property does not violate due

9   process if a meaningful post-deprivation remedy is available).  The California Tort

10  Claims Act ("CTCA") provides California state inmates with an adequate post-

11  deprivation state remedy for the random and unauthorized taking of property.  *See*

12  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) ("California law provides an

13  adequate post-deprivation remedy for any property deprivations.")

14         Here, Plaintiff challenges Defendant took his property in contravention of a statute

15  or regulation authorizing it.  Because the CTCA provides him with an adequate state

16  post-deprivation remedy, Plaintiff's due process claim challenging the deprivation is not

17  cognizable in a section 1983 action.  As such, the Court concludes Plaintiff fails to state a

18  claim against Defendant for a violation of his due process rights because the alleged

19  deprivation was unauthorized, and California provides adequate post-deprivation

20  remedies.  *See Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816–17.

21         *2.      First Amendment Retaliation Claim*

22         Prison officials may not retaliate against prisoners for exercising their First

23  Amendment rights to pursue litigation or file administrative grievances.  *See Rhodes v.*

24  *Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  "Within the prison context, a viable claim

25  of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state

26  actor took some adverse action against an inmate (2) because of (3) that prisoner's

27  protected conduct, and that such action (4) chilled the inmate's exercise of his First

28

1   Amendment rights, and (5) the action did not reasonably advance a legitimate

2   correctional goal." *Id.* at 567–68.

3          Plaintiff alleges: (1) he submitted two grievances asserting lost property in

4   accordance with his First Amendment rights; and (2) shortly after he submitted the

5   grievances complaining about Defendant's conduct, Defendant punished him by having

6   him sent to administrative segregation on "a false claim." Doc. No. 8 at 3. Plaintiff

7   further alleges that after filing the grievances, Defendant harassed and taunted him while

8   he was in administrative segregation, causing Plaintiff to believe that no "legitimate

9   penological purpose" existed for holding him in administrative segregation. *See Rhodes*,

10  408 F.3d at 568. Although it appears Plaintiff did file at least one subsequent grievance

11  against Defendant on April 6, 2020, "at the pleading stage, [the Ninth Circuit has] *never*

12  required a litigant, *per impossibile*, to demonstrate a *total* chilling of his First

13  Amendment rights to file grievances and to pursue civil rights litigation in order to

14  perfect a retaliation claim. Speech can be chilled even when not completely silenced."

15  *Id.* (italics in original). Rather, "the proper First Amendment inquiry asks 'whether an

16  official's acts would chill or silence a person of ordinary firmness from future First

17  Amendment activities.'" *Id.* at 658–59 (quoting *Mendocino Envtl. Ctr. v. Mendocino*

18  *County*, 192 F.3d 1283, 1300 (9th Cir. 1999)). "Because 'it would be unjust to allow a

19  defendant to escape liability for a First Amendment violation merely because an

20  unusually determined plaintiff persists in his protected activity,' [a plaintiff] does not

21  have to demonstrate that his speech was 'actually inhibited or suppressed.'" *Id.* at 569

22  (quoting *Mendocino Envtl. Ctr.*, 192 F.3d at 1300). Instead, a plaintiff need only allege

23  "that his First Amendment rights were chilled, though not necessarily silenced." *Id.*

24  Based on the allegations contained in the FAC, Plaintiff asserts a plausible First

25  Amendment retaliation claim against Defendant.

26                          **III. C**ONCLUSION

27         For the foregoing reasons, the Court **DISMISSES** Plaintiff's due process claims

28  against Defendant without leave to amend for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(2) & 1915A(b) and **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's FAC, *see* Doc. No. 8, upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285.  In addition, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a certified copy of this Order, a certified copy of his FAC, and the summons so that he may serve Defendant.

Upon receipt of these documents, the Court **DIRECTS** Plaintiff to complete the U.S. Marshal Form 285 as completely and accurately as possible, include an address where Defendant may be found and/or subject to service pursuant to CivLR 4.1c., and return the form to the U.S. Marshal according to the instructions the Clerk of Court provides.

The Court further **DIRECTS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant upon receipt and as directed by Plaintiff on the completed U.S. Marshal Form 285, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court.  *See* CivLR 5.2.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  The Court additionally **DIRECTS** Defendant, once served, to respond to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2).  While a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond.  *Id.* § 1997e(g).

Finally, the Court **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must

1 | include with every original document he seeks to file with the Clerk of the Court, a

2 | certificate stating the manner in which a true and correct copy of that document was

3 | served on Defendant or his counsel, and the date of that service.  *See* CivLR 5.2.  Any

4 | document received by the Court that has not been properly filed with the Clerk or fails to

5 | include a Certificate of service upon Defendant or his counsel, may be disregarded.

6 | **IT IS SO ORDERED**.

7 | Dated:  November 3, 2021

8 |

9 | HON. MICHAEL M. ANELLO
United States District Judge

10 |