# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NELSON MCFALLS,<br><br>        Plaintiff,<br><br>v.<br><br>MARIO ALONZO,<br><br>        Defendant. | Case No. 21-cv-849-MMA (RBB)<br><br>**ORDER SUA SPONTE EXTENDING TIME TO SERVE FIRST AMENDED COMPLAINT AND DIRECTING U.S. MARSHAL TO AFFECT SERVICE** |

On September 24, 2021, Plaintiff Robert Nelson McFalls, a California state inmate proceeding *pro se*, filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Mario Alonzo, a Lieutenant at Centinela State Prison. *See* Doc. No. 8 ("FAC"). On November 3, 2021, Plaintiff's First Amendment retaliation claim survived screening, *see* Doc. No. 9, and a summons was issued, *see* Doc. No. 10. The Court directed the U.S. Marshal to serve Defendant as directed by Plaintiff on U.S. Marshal Form 285. Doc. No. 9 at 7.

On December 28, 2021, Plaintiff's Form 285 was entered onto the Docket. *See* Doc. No. 11. According to the Form, the U.S. Marshal mailed the summons and First Amended Complaint to Centinela State Prison. *See id.* However, the Form is incomplete—it does not reflect whether Defendant has waived service or if service

remains unexecuted. *See id.* Thus, this filing was improperly docketed as "SUMMONS Returned Executed." *See id.*

On July 7, 2022, the U.S. Marshal filed a second Form 285 reflecting that Defendant has *not* been served. *See* Doc. No. 12. Accordingly, the Court **DIRECTS** the Clerk of Court to update the docket text of ECF No. 11 to reflect that the summons was returned unexecuted. The Court further sua sponte **EXTENDS** Plaintiff's time to serve under Federal Rule of Civil Procedure 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.") (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)); *see also id.* ("So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause" to extend time to serve under Rule 4(m)) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

The Court **DIRECTS** the Clerk of Court to re-issue the summons as to the FAC, *see* Doc. No. 8, upon Defendant and send it to Plaintiff along with a new, blank U.S. Marshal Form 285. In addition, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a certified copy of this Order, a certified copy of his FAC, and the new summons so that he may serve Defendant.

Upon receipt of these documents, the Court **DIRECTS** Plaintiff to complete the U.S. Marshal Form 285 as completely and accurately as possible, include an address where Defendant may be found and/or subject to service pursuant to CivLR 4.1c., and return the form to the U.S. Marshal according to the instructions the Clerk of Court provides.

The Court further **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant Alonzo, as directed by Plaintiff on the new USM Form 285

provided to him, on or before **August 1, 2022**, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court thereafter. *See* CivLR 5.2.  Should Defendant Alonzo fail to return the U.S. Marshal's request for waiver of personal service within **ninety (90) days**, the U.S. Marshal shall instead file a new completed Form 285 with the Clerk of Court, include the date the summons, FAC, and request for waiver was mailed to Defendant Alonzo, and note that service upon him remains unexecuted.  All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the U.S. Marshal on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in making service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

The Court additionally **ORDERS** Defendant to respond to Plaintiff's First Amended Complaint within the time prescribed by Rule 4, **but in no event later than October 1, 2022**.  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

The Court reminds Plaintiff that, after service has been affected by the U.S. Marshal, he remains obligated to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or his counsel, and the date of that service. *See* CivLR 5.2.  Any document received by the Court that has not been properly filed with the

Clerk or fails to include a Certificate of service upon Defendant or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: July 8, 2022

*Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge